Mr. Justice ThacheR
delivered the opinion of the Court.
This was a writ of error to Hinds county Circuit Court. In this case, it appears that a rule was made against the plaintiff below for security for costs, upon the application of the clerk and sheriff, with which there was no compliance. The defendants below permitted the case to proceed to trial and judgment, without objection upon the score of this non-compliance. It is now contended, that the cause should have been dismissed, and. that the judgment below was error. But it is certainly too late, after a judgment, to seek to dismiss a case upon the principle here contended for by the plaintiff in error. If the judgment is in other respects regular, the right of a party defendant below to have it dismissed during its pen-dency, but which right was not then exercised, cannot constitute a reason for a reversal here. The judgment, as such, is without fault. The dismissal below is not of course, but incident upon due application, and we are compelled to view the want of action of the defendants below, as a waiver of their right to a dismissal of the cause.
There is also an objection to the judgment, that, in the place of the record where it occurs, it is preceded by the name of a party other than the plaintiff below. The insertion of the words, “ Brandon Bank, &c. v. Grimball, Long & McGowan,’’ were entirely unnecessary, had they constituted the true title of the case ; and not being so, they cannot vitiate the judgment. They form no part of the judgment of the Court, but are merely the unauthorized introduction of the clerk, and may be wholly disregarded. For a judgment is a feature of a record, and, appearing there,'refers back to the caption of that record of which it forms a part, and to that caption we look for the true parties in the case.
Judgment affirmed.